## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH DaROSA, on behalf of himself and similarly situated employees, | : | CIVIL ACTION |
|  | : |  |
|  | : | ELECTRONICALLY FILED |
| Plaintiff, | : | ON APRIL 22, 2019 |
| v. | : |  |
|  | : | CLASS/COLLECTIVE ACTION |
| SPEEDWAY LLC, | : |  |
| Defendant. | : | JURY TRIAL DEMANDED |
|  | : |  |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Plaintiff Joseph DaRosa ("Plaintiff"), on behalf of himself and similarly situated employees, brings this class/collective action lawsuit against Defendant Speedway LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Massachusetts Minimum Fair Wages Act ("MFWA"), Mass. Gen. L. ch. 151, §§ 1A, 1B. Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his MMFW claim is asserted as a class action under Federal Rule of Civil Procedure 23.

### JURISDICTION AND VENUE

1.      Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      Jurisdiction over the MFWA claim is proper under 28 U.S.C. § 1367.

3.      Venue in this Court is proper under 28 U.S.C. § 1391.

### PARTIES

4.      Plaintiff resides in Stoughton, MA (Norfolk County).

5.      Plaintiff is an employee covered by the FLSA and the MFWA.

6.      Defendant is a corporation headquartered in Enron, OH.

7.      Defendant is an employer covered by the FLSA and the MMFW.

## FACTS

8.      According to its website, Defendant operates approximately 2,740 convenience stores located in 22 states, including Massachusetts.  Many of these stores – including Plaintiff's assigned store in Brockton, MA – previously operated as "Hess Express" stores prior to Defendant's 2014 purchase of Hess Corporation's retail business.

9.      Defendant employs in its stores General Managers who are paid a salary.  Plaintiff was so employed until approximately October 2018 at a store located at 296 North Pearl Street, Brockton, MA 02301.  His annual salary was approximately $38,000.

10.      Plaintiff primarily worked either alone in the store or with only one other store employee.  He spent almost all of his working hours performing non-managerial tasks such as, for example, assisting customers, running the cash register, stocking shelves, loading/unloading/counting inventory, and cleaning.

11.      Salaried General Managers often work over 40 hours per week.  For example, Plaintiff estimates that he worked an average of 55 hours during a typical week.

12      Defendant does not pay salaried General Managers any overtime compensation for hours worked over 40 per week.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

13.      Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) and brings his MFWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all salaried General Managers employed by Defendant during the past three

2

years.

14.     Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

15.     Class action treatment of Plaintiff's MFWA claim is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

16.     The class is readily ascertainable based on Defendant's standard payroll records and is so numerous that joiner of all class members is impracticable.

17.     Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

18.     Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

19.     Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's companywide pay policies, as summarized herein.  The legality of these policies will be determined through the application of generally applicable legal principles to a common set of facts.

20.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

21.     All previous paragraphs are incorporated as though fully set forth herein.

22.     The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular pay rate for all hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

23.     Defendant violated the FLSA by failing to pay Plaintiff and the collective overtime compensation for hours worked over 40 per week.

24.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, thus, has committed a willful violation of the FLSA.

## COUNT II
### (Alleging MFWA Violations)

25.     All previous paragraphs are incorporated as though fully set forth herein.

26.     The MFWA entitles employees to overtime premium compensation "not less than one- and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* Mass. Gen. L. ch. 151, § 1A.

27.     Defendant violated the MFWA by failing to pay Plaintiff and the class overtime compensation for hours worked over 40 per week.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the proposed class and collective, seeks the following relief:

A.      Unpaid overtime wages and prejudgment interest;

B.      Liquidated damages and treble damages;

C.      Litigation costs, expenses, and attorneys' fees; and

D.      Such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff requests a jury trial as to all claims so triable.

Date:  April 22, 2019

Respectfully,

_/s/ Harold L. Lichten_____
Harold L. Lichten, BBO# 549689
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
hlichten@llrlaw.com

Peter Winebrake*
R. Andrew Santillo*
Mark J. Gottesfeld*
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Attorneys for Plaintiff*

* *pro hac vice* admission anticipated