IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH DaROSA, on behalf of himself and similarly situated employees,<br><br>        Plaintiff,<br><br>   v.<br><br>SPEEDWAY LLC,<br><br>        Defendant. | Civil Action No.: 1:19-CV-10791 |

**MEMORANDUM IN SUPPORT OF DEFENDANT
<u>SPEEDWAY LLC'S PARTIAL MOTION TO DISMISS</u>**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Speedway LLC ("Speedway") submits this memorandum of law in support of its Partial Motion to Dismiss the Massachusetts Fair Wages Act ("Wage Act") claim of Plaintiff Joseph DaRosa's ("DaRosa") Complaint.

As described below, the Wage Act provides that covered employees – referred to as non-exempt employees – are eligible to earn overtime pay for hours worked in excess of forty hours per week. M.G.L. c. 151 §1A. Employees exempt from the Wage Act are not eligible for overtime pay. *Id.* DaRosa alleges that Speedway misclassified him as an exempt employee and that he is owed overtime pay. DaRosa is wrong as a matter of law under the Wage Act. Pursuant to the statute, the Wage Act excludes as exempt all employees who work in a "gasoline station." *Id.* Speedway is a gasoline station. This is common knowledge. Public records (Exhibits 1-2) and Speedway's own website (which Plaintiff relies upon in his Complaint) define it as a gasoline station (Exhibit 3). Speedway requests that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the fact that Speedway is a gasoline station.

1

Accordingly, Speedway requests that the Court dismiss Plaintiff's Wage Act claim.

FACTS

The following alleged facts are taken from the Complaint.  DaRosa used to be employed as a General Manager by Speedway at its 296 North Pearl Street, Brockton, Massachusetts location.  Compl. at ¶9.  According to Speedway's website, Speedway operates 2,740 other locations.  *Id.* at ¶8.  DaRosa claims that General Managers at other Speedway outlets often worked over forty hours per week but were not paid overtime.  *Id.* at ¶11-12.  He claims that he should have been paid overtime under the Wage Act and the Fair Labor Standards Act ("FLSA").  *Id.* at Counts I and II.  Plaintiff DaRosa purports to bring a class action on behalf of Speedway General Managers who were not paid overtime.  *Id.* at ¶¶13 et seq.

The Complaint includes only a partial description of Speedway's business.  *See Id.* at ¶8 ("Defendant operates approximately 2,740 convenience stores.").  Speedway operates as a gasoline station.  This is evident from looking at the 296 North Pearl Street, Brockton location where DaRosa worked:



It is also apparent from Speedway's website, which DaRosa relies on his in Complaint. *See* Compl. at ¶8; Exhibit 3[1]. Its "About" webpage describes Speedway's business as "meet[ing] its customers' **fueling** and convenience needs." Exhibit 3 (emphasis added). This is the same webpage DaRosa references in his Complaint. Compl. at ¶8. The website also includes a location-specific webpage for 296 North Pearl Street, Brockton, where DaRosa worked, featuring daily gas prices for that station. Exhibit 3 at last page. See *Town of Barnstable v. Berwick*, 17 F. Supp. 3d 113, 115 n.3 (D. Mass. 2014) ("'documents the authenticity of which are not disputed by the parties; [] official public records; [] documents central to plaintiffs' claim; or [] documents sufficiently referred to in the complaint' may be considered on a motion to dismiss") (quoting *Alt. Energy Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001)).

Public records also confirm that Speedway is a gasoline station. The City of Brockton's Department of Building Inspection issued Speedway's 296 North Pearl Street location an Occupancy Permit, dated February 11, 2005, to operate as a "Modular Gas Station." Exhibit 1. The Massachusetts Division of Standards, the state agency responsible for regulating gas stations, also issued Speedway a license to sell motor fuel at retail, at its 296 North Pearl Street location. Exhibit 2.

---

[1] https://www.speedway.com/about/; https://www.speedway.com/StoreDetails?store=2454&ft=Unleaded (last accessed June 20, 2019).

ARGUMENT

I.    **An Employee Working at a "Gasoline Station" is Exempt from Overtime Pay.**

Speedway moves to dismiss DaRosa's Wage Act (Count II) of the Complaint.[2]

The Wage Act provides that employees who work in certain locations are ineligible for overtime, regardless of how much they are paid and what their job duties are:

> Except as otherwise provided in this section, no employer in the commonwealth shall employ any of his employees in an occupation, as defined in section two, for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one half times the regular rate at which he is employed…. This section **shall not be applicable to any employee** who is employed: … (13) in a **gasoline station**.

M.G.L. c. 151 §1A (emphasis added). In addition to gasoline stations, this provision includes nineteen other locations, job types or responsibilities similarly exempted from overtime. The Massachusetts Supreme Judicial Court ("SJC") explained in *Fitz-Inn Auto Parks, Inc. v. Commissioner of Labor & Industries* that the legislature exempted employees working at gasoline stations, like "hotels, restaurants [] and hospitals," because these "are [] jobs that may require continuous service by a particular person beyond the confines of an eight hour schedule." 350 Mass. 39, 42 (Mass 1965).

The term "gasoline station" is not defined in the statute in any manner at all and thus its ordinary meaning must be applied. This is true for many of the terms in the Wage Act's twenty overtime exemptions. For instance, in 2018, the SJC decided a case concerning the meaning of the common carrier exemption. *Casseus v. Eastern Bus Company, Inc.*, 478 Mass. 786 (Mass.

---

[2] Partial motions to dismiss are appropriate vehicles to narrow the claims at issue. See, e.g., *Nat'l Cas. Co. v. OneBeacon Am. Ins. Co.*, 2013 U.S. Dist. LEXIS 92840, 18-19 (D. Mass. July 1, 2013) ("a partial motion to dismiss suspends the time to answer the claims not subject to the motion.").

4

2018) (M. G. L. c. 151, § 1A (11) exempting "any employee who is employed … by an employer licensed" under the common carrier statute).  In that case, the SJC held that "where the language is clear and unambiguous, it is to be given its ordinary meaning." *Id.* at 795.  It further explained that "the Legislature plainly knew how to draft an overtime exemption that would apply narrowly to specific employees depending on their occupation, or even their compensation.  This indicates that a provision phrased as an exemption for any employee of a particular type of employer was designed to be just that." *Id.* at 796 (exempting all employees working for defendant, even if they spent only part of their day providing common carrier services, because the Legislature intentionally included "any employee" working for that type of employer).

Courts rely on dictionary definitions to determine the ordinary meaning of words.  *See United States v. Knott*, 256 F.3d 20, 28 (1st Cir. 2001) (citation omitted) ("[C]ourts typically read statutory terms to convey their ordinary meaning, including as reflected in dictionary definitions.")  The American Heritage Dictionary of the English Language defines "gas station" as "a retail establishment at which motor vehicles are refueled." *American Heritage Dictionary of the English Language*, (5th ed. 2019); *see also Stratton v. Nat'l Union Fire Ins. Co.,* 2004 U.S. Dist. LEXIS 17613 at *15 (Sept. 3, 2004) (Stearns, J.) (relying on American Heritage Dictionary).  Similarly, Collins Dictionary defines "gas station" as "a place where you can buy fuel for your car." *Gas Station, Collins English Dictionary,* Glasgow: Harpercollins Publishers.[3]  Gasoline station, as used in the Wage Act, should be given this same, ordinary meaning.

---

[3] Available at https://www.collinsdictionary.com/us/dictionary/english/gas-station (last accessed, June 11, 2019).

**II.      Speedway is a Gasoline Station.**

There can be no doubt that Speedway is a gas station. Speedway is a retail establishment at which motor vehicles are refueled and a place where you can buy fuel for your car. As the above photograph shows, DaRosa worked at a multi-pump gas station where customers go to refuel their cars. DaRosa's attempt to circumvent the obvious by excluding this fact from his Complaint does not preclude dismissal of his Wage Act Claim. "[I]n ruling on a motion to dismiss, a judge can mull over documents incorporated by reference in the complaint, matters of public record, and other matters susceptible to judicial notice." *Barnstable Cty v. 3M Co.,* 2017 U.S. Dist. LEXIS 207414 at *11 (D. Mass. Dec. 18, 2017). Here, it is appropriate for the Court to review these incorporated materials. It is also appropriate for the Court to take judicial notice of the fact that Speedway is a gasoline station.

A.      It is Common Knowledge that Speedway is a Gas Station.

Under Fed. R. Evid. 201(b), the Court may take judicial notice of any fact that is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." For instance, courts regularly take judicial notice of matters of common knowledge and ordinary observation. *Sharfaz v. Goguen*, 691 F.3d 62 (1st Cir. 2012) (stressing that "[c]ourts take judicial notice of matters of common knowledge" — e.g., that there "has been a depression, and that a decline of market values is one of its concomitants…" ) (*citing Ohio Bell Tel. Co. v. Pub. Util. Comm'n of Ohio,* 301 U.S. 292, 301 (1937)). Here, any passerby knows when they see the Speedway logo, the per gallon prices, and rows of gas pumps, that Speedway is a gas station. *See, e.g., In re Shell Oil Co.*, 992 F.2d 1204, 1210 (Fed. Cir. 1993) ("It is common knowledge, indisputable, and verifiable -- and hence subject to our judicial notice -- that all Shell service stations have signs bearing the Pecten design….Thus, it is not likely that *any* motorist would be confused as to the source or

sponsorship of [their oil change and lubrication] services."); *Gullickson v. Western Casualty & Surety Co.,* 17 Wis. 2d 220, 223 (Wis. 1962) ("It is common knowledge, and we take judicial notice of it, that the attendants at such stations are employed to render a variety of services to the traveling public to enable the patron of the service station to proceed on the journey which he has in mind. Among those services commonly rendered are to put gasoline in the tank of the car[.]").

      B.      <u>Speedway's City and State-Issued Fueling Permits Confirm it is a Gas Station.</u>

The Court may also take judicial notice of a public record, such as a permit or license, as evidence of Speedway's gas station business. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (noting that the court may take judicial notice of public records on a Rule 12(b)(6) motion); *In re Vertex Pharms., Inc., Sec. Litig.*, 357 F. Supp. 2d 343, n.4 (D. Mass 2005) (citation omitted) ("This court may take judicial notice of reports of administrative bodies."). In a similar case, in *Massachusetts v. Westcott*, 431 U.S. 322 (1977), the United States Supreme Court took judicial notice of a Coast Guard license authorizing a nonresident fisherman to fish in the offseason. *Id.* This fisherman had been arrested in Massachusetts for nonresident, offseason fishing under state law. *Id.* at 322. On appeal, the Supreme Court overturned his arrest based on taking judicial notice of his Coast Guard license permitting him to "to be employed in carrying on the mackerel fishery," during that time of year. *Id.* Notice was taken of the fact that a license existed and the Court relied on the substance of the license as the basis for overturning the fisherman's arrest. *Id.*

Judicial notice on the same basis is appropriate here. First, the City of Brockton's Department of Building Inspection issued Speedway's 296 North Pearl Street location an occupancy permit to operate as a "Modular Gas Station," in accordance with City's Building Code and Zoning Ordinance. Second, the Division of Standards, the state agency responsible for regulating gas stations, issued Speedway's 296 North Pearl Street location a license to sell motor

fuel at retail. Like the Supreme Court did in *Westcott*, this Court should take judicial notice of these government-issued public records permitting Speedway to operate a gas station and sell fuel at retail. These permits together, or on their own, are irrefutable evidence that government bodies recognize Speedway as a gas station under Massachusetts law.

        C.      <u>Speedway's Website Further Confirms it is a Gas Station.</u>

As further support, the Court may review Speedway's website describing its fueling business. The Court may take judicial notice of such. It may also review it under the rule of completeness.

A federal district court reviewed a company's website for similar reasons in *Fid. Eatontown, LLC v. Excellency Enter.* 2017 U.S. Dist. LEXIS 96368, at *17-18 (D. N.J. June 22, 2017). That case concerned development plans for plaintiffs' two gas station chains, Wawa and QuickCheck. *Id.* at *2-3. Defendant, also a gas station chain, argued on a motion to dismiss a tortious interference claim that Wawa and QuickCheck were not competitors, because they were "new businesses." *Id.* at *18. The Court disagreed after taking judicial notice of WaWa and QuickCheck's businesses as described on their websites:

> This Court takes judicial notice of the fact that both Wawa and QuickChek are chains that operate widely. Wawa operates more than five hundred retail locations with gas stations (About Us - Wawa, htttps://www.wawa.com/about (last visited June 21, 2017)), while QuickChek has 140 locations in New York and New Jersey (QuickChek - History, http://quickchek.com/History (last visited June 21, 2017)). Given the extensive history Wawa and QuickChek have with operating businesses of the sort they propose to operate in Eatontown, Plaintiffs' prospective profits are not too remote in light of this history.

*Id.* Here, Speedway's "About" webpage includes a photo of a gasoline station with a commitment to meet customers' "fueling and convenience needs." Exhibit 3. Further, the specific webpage dedicated to the gas station where DaRosa worked (296 North Pearl Street,

Brockton) shows the daily gas prices for that location.  *Id.* at last page.  Speedway is clearly operating gasoline stations.

Alternatively, the Court may look to Speedway's website describing its fueling business, because DaRosa incorporated Speedway's website in his Complaint.  *See* Compl. ¶ 8.  "[W]hen a complaint asserts factual allegations that are dependent upon or linked to a particular document, that document effectively merges into the pleadings for the trial court's review." *Barnstable Cty v. 3M Co.,* 2017 U.S. Dist. LEXIS 207414 at *13 (D. Mass. Dec. 18, 2017) (relying on report referenced in complaint in deciding defendant's motion to dismiss). "[T]he rationale for this principle is that the main problem of looking to documents outside the complaint -- lack of notice to plaintiff -- is dissipated where plaintiff has actual notice . . . and has relied upon these documents in framing the complaint."  *Westernbank P.R. v. Kachkar,* 2009 U.S. Dist. LEXIS 126405 (D. P.R. Dec. 10, 2009).  Here, DaRosa relied upon Speedway's website in pleading that Speedway operates 2,740 outlets.  *See* Compl. ¶ 8.  A complete look at the website – including the specific webpage he references in his Complaint -- confirms that Speedway's outlets are gasoline stations.

Ultimately, Speedway is moving to dismiss Plaintiff's Wage Act claim for the efficient administration of this case both for the Court and the parties.  The FLSA differs from the Wage Act in certain material respects, including different statutes of limitations and rules for class certification.  Focusing the parties' discovery efforts on the FLSA claim, without the distraction of litigating a claim which specifically exempts any employee, like DaRosa, who worked in gasoline station, will avoid expending undue time and resources on a meritless claim.

## CONCLUSION

For these reasons, Speedway requests that the Court take judicial notice that Speedway is a gasoline station and dismiss DaRosa's Wage Act claim.

|  |  |
|---|---|
| Dated: June 21, 2019 | SPEEDWAY LLC<br><br>By Its Attorneys,<br><br>___/s Matthew C. Baltay_____<br>Matthew C. Baltay (BBO#638722)<br>Allison L. Anderson (BBO#687662)<br>Rachel L. Davidson (BBO#703341)<br>Foley Hoag LLP<br>Seaport West<br>155 Seaport Boulevard<br>Boston, MA 02210-2600<br>617-832-1204<br>mbaltay@foleyhoag.com<br>alanderson@foleyhoag.com<br>rdavidson@foleyhoag.com |

## **CERTIFICATE OF SERVICE**

I, Allison L. Anderson, certify that on this 21st day of June 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff by electronically serving his counsel of record.

/s/*Allison L. Anderson*
Allison L. Anderson