## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH DaROSA, on behalf of himself and similarly situated employees, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 1:19-CV-10791 |
| v. | : | |
| SPEEDWAY LLC, | : | |
| Defendant. | : | |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

### I.    INTRODUCTION

Plaintiff Joseph DaRosa hereby moves to amend his complaint against defendant Speedway LLC ("Speedway") to add Wills Clervil, Alka Davis, Atul Patel, and Daniel Schulz as named plaintiffs and to add claims under New Jersey, New York, Illinois, and Pennsylvania state law.[1]  This case is still at an early stage: the Court entered an order granting conditional certification under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., on February 12, 2020.  Dkt. 47.  Notice was issued to the opt-ins on May 1, 2020, and the notice period closed on June 30, 2020.[2]  See Dkt. 71 ¶ 11.  The parties submitted joint statements setting out proposed parameters for discovery and case deadlines, Dkts. 71, 75, and the Court has ordered that Plaintiffs file their motion for class certification by September 24, 2020.  Dkt. 76.  Plaintiff now seeks to add additional named plaintiffs as well as additional state law claims on behalf of these individuals, who have joined the case as part of the opt-in process.

---

[1]      Plaintiff's Proposed First Amended Complaint is attached hereto as Exhibit A.

[2]      The delay in the issuance of notice was due to logistical challenges faced by Speedway in gathering a list of email addresses of putative members of the collective.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely granted when justice so requires."  Grounds for a denial of a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" Foman v. Davis, 371 U.S. 178, 182 (1962). "Rule 15(a) reflects a liberal amendment policy."  U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009); see also Shipner v. E. Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989) ("Th[e] policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.").[3] "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  Rife v. One W. Bank, F.S.B., 873 F.3d 17, 21 (1st Cir. 2017).

_____

[3]     Plaintiff recognizes that the scheduling order that was originally entered in this case set November 15, 2019, as the deadline for amendment of the pleadings.  See Dkt. 18.  This scheduling order, however, did not contemplate the lengthy delay in resolution of the Plaintiff's motion for conditional certification due to the parties' agreed-upon 68-day extension of Speedway's deadline to file its opposition.  The parties have also experienced additional delays related to discovery and issuance of notice due to the pandemic.  See Dkts. 71, 75.  Accordingly, Plaintiff submits that the liberal Rule 15(a) standard for amendment of pleadings should still govern Plaintiff's request, even though the deadline for amendment has technically passed.

If the Court disagrees and finds its more appropriate to analyze Plaintiff's Motion under Rule 16(b), see, e.g., U.S. ex. Rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 192 (1st Cir. 2015), then Plaintiff submits that the Rule 16(b) "good cause" standard is also satisfied here.  Rule 16(b)'s "good cause" standard emphasizes the diligence of the party seeking the amendment. See O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 155 (1st Cir. 2004).  Here, Plaintiff has acted diligently in bringing these claims shortly after the close of the opt-in period in this case.  Indeed, Plaintiff could not have brought these claims prior to the opt-in period, as the opt-in plaintiffs who seek to be added as named plaintiffs here were not parties to the case before the opt-in period.

2

## III.     ARGUMENT

The original Complaint in this case asserted claims under the FLSA and Massachusetts state law.  See Dkt. 1.  After the Court granted conditional certification on February 12, 2020, FLSA notice was distributed, and current and former Speedway General Managers from states around the country opted into the case.  In the proposed First Amended Complaint, four of these opt-in plaintiffs seek to add state law wage claims under the laws of the respective states in which they worked.  These state law claims are based on the same underlying events and facts alleged in the Plaintiffs' original complaint, and, as such, will not significantly alter the discovery needed in the case.

Courts around the country routinely grant leave to amend complaints in FLSA cases to add state law claims.  As the Southern District of Ohio explained in granting the plaintiffs leave to amend their FLSA complaint to add state law claims in a case analogous to this one:

> [F]rom the start, this case has been a national class and collective action. As such, plaintiffs from Illinois, Pennsylvania, and California opted into the class. It would be inefficient to deny amendment and force these plaintiffs to litigate their FLSA claims here and their state-law claims—which have the same factual basis—in their respective home states. Moreover, the Court finds that the risk of inconsistent judgments across the country supports permitting amendment.

Fenley v. Wood Group Mustang, Inc., 2016 WL 10570260, at *8 (S.D. Ohio Nov. 21, 2016). Similarly, here, this case has always had a nationwide scope; indeed, notice was ordered nationwide and over 1000 opt-ins from 37 states have chosen to join the action.  Those opt-in plaintiffs who now wish to bring additional state law claims based on Speedway's misclassification of its General Managers (the same factual premise of the FLSA claim in this case) should be permitted to do so.  See also Charlot v. Ecolab, Inc., 97 F. Supp. 3d 40 (E.D.N.Y.

2015) (granting leave to amend FLSA complaint to add Rule 23 state law claims); (same); Ugas v. H & R Block Enterprises, 2010 WL 891303, at *3 (C.D. Cal. Mar. 10, 2010) (same).

Plaintiff's Motion for Leave to Amend is made in a timely manner. Although this case was filed in April 2019, the opt-in plaintiffs seeking to assert their state law claims did not join this action until very recently. Specifically: (i) Wills Clervil, who seeks to assert claims under New Jersey state law, did not join this action until May 26, 2020 (Dkt. 64-1); (ii) Alka Davis, who seeks to assert claims under New York state law, did not join this action until May 15, 2020 (Dkt. 63-1); (iii) Atul Patel, who seeks to assert claims under Illinois state law, did not join this action until May 26, 2020 (Dkt. 65-1); and Daniel Schulz, who seeks to assert claims under Pennsylvania law, did not join this action until June 9, 2020 (Dkt. 67-1).

The moving Plaintiffs are aware that expanding the current litigation to include putative Rule 23 classes from New Jersey, New York, Illinois, and Pennsylvania may delay the ultimate resolution of this action and cause some case management difficulties, since the putative Rule 23 classes will include hundreds of individuals who have not opt-in to FLSA collective. See, e.g., De Asencio v. Tyson, Inc., 342 F.3d 301, 307-13 (3d Cir. 2003) (refusing to exercise supplemental jurisdiction over putative state law Rule 23 class that included many workers who did not opt-in to the FLSA collective); Sandoval-Zelaya v. A+ Tires, Breaks, Lubes, & Mufflers, Inc., 2017 U.S. Dist. LEXIS 162670, *16-19 (E.D.N.C. Sept. 28, 2017) (same). If, in the Court's view, such considerations warrant denial of this motion, the moving Plaintiffs stand ready to pursue their state law claims in the state or federal courts of New Jersey, New York, Illinois, and Pennsylvania. However, at least one district court has held that, under the purported "claim-splitting" doctrine, a plaintiff who opted-in to an FLSA collective action was prohibited from subsequently bringing a freestanding class action lawsuit under state wage law. See Sparks v.

The Children's Place, 2017 U.S. Dist. LEXIS 173896 (E.D. Pa. Oct. 20, 2017).[4]  Cognizant of this holding, the moving Plaintiffs feel obliged to seek leave to add their state law claims to the instant action.

Speedway will not be prejudiced by the proposed amendment.  As stated above, discovery remains ongoing.  The additional state law claims Plaintiff seeks to add are the result of additional individuals opting into the case, and they are appropriately submitted now, before any briefing on Rule 23 class certification has taken place.  Plaintiff's amendment is made in good faith and is the first amendment sought by Plaintiffs.  Plaintiff's proposed amendment is also not futile, as the proposed amended complaint states a claim upon which relief can be granted.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Amend the Complaint should be granted.

---

[4]  Contra Beckerley v. Alorica, Inc., 2014 U.S. Dist. LEXIS 132070, *18-19 (C.D. Cal. Sept. 17, 2014) (holding that FLSA opt-ins were not prohibited from pursuing subsequent lawsuit asserting state law wage claims).

Dated: August 6, 2020                       Respectfully Submitted,

JOSEPH DaROSA,
on behalf of a himself and all others
similarly situated

By his attorneys,

*/s/ Harold Lichten*
Harold Lichten (BBO# 549689)
Michelle Cassorla (BBO# 688429)
Anastasia Doherty (BBO# 705288)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
hlichten@llrlaw.com
mcassorla@llrlaw.com

Peter Winebrake*
R. Andrew Santillo*
Mark J. Gottesfeld*
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone: (215) 884-2491

Attorneys for Plaintiff Joseph DaRosa

*Admitted *Pro Hac Vice*

## LOCAL RULE 7.1 STATEMENT

I hereby certify that on July 30, 2020, in compliance with Local Rule 7.1, I contacted counsel for Speedway to confer regarding this motion, but I have been unable to ascertain Speedway's position on the relief sought in this motion.

*/s/ Michelle Cassorla*____
Michelle Cassorla

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by electronic filing on

August 6, 2020, on all counsel of record.

/s/ Harold Lichten_____
Harold Lichten, Esq.