# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

JOSEPH DaROSA, ALKA DAVIS, DANIEL
SCHULZ, and MARTIN SCHUTZIUS,

                  Plaintiffs,

     v.

SPEEDWAY LLC,

                  Defendant.

Civil Action No. 1:19-cv-10791-RGS

## UNOPPOSED MOTION FOR LEAVE TO FILE
## MOTION FOR APPROVAL OF CONFIDENTIAL SETTLEMENTS UNDER SEAL AND
## FOR *IN CAMERA* REVIEW OF THE SETTLEMENT AGREEMENTS

As this Court is aware (*see* Doc. 147), Defendant Speedway LLC ("Defendant" or "Speedway") has reached confidential written settlement agreements with each of the remaining four individual Plaintiffs[1] that would dispose of all of their respective FLSA and state law claims asserted in this action. Plaintiffs' counsel is prepared to file a motion asking the Court to approve the four settlements as fair and reasonable and to enter a stipulated judgment dismissing the Complaint (as amended) in its entirety with prejudice (the "Approval Motion"). Pursuant to and in accordance with this Court's order dated March 8, 2022 (Doc. 148), Defendant, by and through its undersigned counsel, hereby moves this Court for an order granting leave to file the Approval Motion under seal to facilitate the Court's *in camera* review of the settlement agreements and their terms. In the alternative, Defendant requests entry of an order permitting public filing of the Approval Motion with any confidential settlement terms redacted (and without submission of the

---

[1] Joseph DaRosa, Alka Davis, Daniel Schulz, and Martin Schutzius.

settlement agreements themselves on the public record) and *in camera* review of the settlement agreements in connection with the Court's consideration of the Approval Motion. Plaintiffs take no position regarding the propriety of these alternative requests. As grounds for this motion, Speedway respectfully shows the Court as follows:

Pursuant to Federal Rule of Civil Procedure 5.2(d), the Court may order that a filing be made under seal. *See generally Nixon v. Warner Comm., Inc.,* 435 U.S. 589, 598 (1978) ("[e]very court has supervisory power over its own records and files"). On multiple occasions, this Court previously has protected the confidentiality of confidential FLSA settlements through *in camera* review. *See Singleton v. AT&T Mobility Servs., LLC,* 146 F. Supp.3d 258 (D. Mass 2015) (approving FLSA settlement and observing that "[o]n October 22, 2015, the parties submitted their executed Settlement Agreement for the Court's in-camera review"); *Crowley v. CVS Pharmacy, Inc.,* No. 1:20-cv-10731 (D. Mass. Sept. 8, 2020); ("The Court has reviewed *in camera* the terms of the parties' proposed settlement agreement…." (approving settlement)) (copy attached hereto as Exhibit A); *Malerba v. Elements Ins. LLC,* No 1:18-cv-10292-FDS (Doc. 23), 2018 U.S. Dist. LEXIS 128208, at *1 (D. Mass. July 31, 2018) ("the Court has reviewed *in camera* the parties' confidential settlement agreement and finds that the terms are fair, reasonable, and adequate") (copy attached hereto as Exhibit B); *Hall v. IBP Technologies, LLC,* No. 1:16-cv-10662-JCB (Doc. #48 at 2) (D. Mass. Aug. 8, 2017) (approving FLSA settlement and noting that the parties "submitted their executed settlement agreement for the Court's in camera review") (copy attached hereto as Exhibit C); *see also Shaffer v. IEP Techs., LLC,* No. CV 18-10160-DPW, 2021 WL 3616072, at *3 (D. Mass. Aug. 16, 2021) ("On August 8, 2017, the court accepted the parties' formal settlement agreement, which had been proffered under seal during in camera proceedings in June. See Order, ECF No. 48, Hall v. IEP Techs., LLC, No. 1:16-cv-10662-JCB (Aug. 8,

2017)").[2]

Here, as is typical in this type of employment-based action, the parties have agreed that each of the Plaintiffs' respective settlement agreements is and will remain confidential. The Approval Motion and the settlement agreements will reflect confidential information regarding the Plaintiffs' employment and, moreover, confidential settlement terms. Holding such information confidential is consistent not only with the parties' contractual agreement, but with this Court's prior entry of a Stipulated Protective Order protecting the confidentiality of personnel and other documents designated by Speedway as confidential in this litigation (*see* Doc. 59 (Stipulated Protective Order)), and with its order (Doc. 125) granting Plaintiffs' motion (Doc. 124) to file under seal certain documents, including documents regarding compensation, that Speedway had designated as confidential.

The agreed confidentiality of the settlement terms, achieved after a private mediation, will be substantially compromised if *in camera* review is denied. As this Court is aware, only four individual Plaintiffs remain in in this action after the Court's order decertifying the FLSA collective and denying class treatment of the state law claims (Doc. 130). In other words, the remaining parties, each represented by experienced counsel, have agreed to confidentiality, and no

---

[2] Other courts have ruled similarly. *See, e.g., Hernandez-Conte v. IWC Holdings of Texas, LLC,* No. SA-20-CV-01118-XR, 2021 WL 1146004, at *2 (W.D. Tex. Mar. 25, 2021) (granting request for *in camera* review of settlement agreements, approving same, and dismissing action with prejudice); *Shandy v. Mahadev, LLC,* No. 6:21-CV-00515-AA, 2021 WL 7084885, at *1 (D. Or. Oct. 4, 2021) (noting that "[t]he parties have submitted the confidential settlement document to the Court for *in camera* review" and approving same as fair and reasonable); *Perez v. All Ag, Inc.,* No. 118CV00927DADEPG, 2021 WL 3129602, at *2 (E.D. Cal. July 23, 2021) ("The parties provided the court with a copy of that private settlement agreement for the court's *in camera* review and for the court to determine whether to approve plaintiffs' settlement of their individual FLSA claim as a fair and reasonable resolution of a bona fide dispute." (approving same)); *Metting v. Tierra Lease Serv., LLC,,* No. 5:17-cv-0044, Aug. 16, 2018 Text Order (W.D. Tex. Aug. 17, 2018) (granting motion for leave to file FLSA settlement agreement under seal).

other parties or potential parties in this action have any legitimate interest in knowing or publicizing each Plaintiff's confidential settlement terms or any confidential information regarding the four Plaintiffs' Speedway employment. The confidential nature of the settlement is not designed to protect Speedway's business interests at the expense of Plaintiffs.  Rather, it was arrived at following good-faith negotiations by both parties and a desire for privacy by all.  Filing the Approval Motion and the settlement agreements under seal will permit *in camera* review by the Court and allow the parties to maintain and preserve the agreed confidentiality of their settlement.

While the parties' agreement on a confidential settlement provides the requisite good cause for entry of an order permitting Plaintiffs' Counsel to file the Approval Motion (and the individual settlement agreements) under seal, Speedway requests that in the alternative, the Court enter an order allowing public filing of the Approval Motion, but with redaction of all settlement/payment amounts from it and submission of the settlement agreements under seal for *in camera* review in conjunction with the Court's consideration of the Approval Motion.  At a minimum, the Court should permit redaction of all confidential settlement terms from both the Approval Motion and from the Plaintiffs' respective individual settlement agreements before they become part of the public record. *See, e.g., Hoffman v. CEMEX, Inc.,* No. 4:09-cv-3144, Dkt. No. 37 (S.D. Tex. Dec. 14, 2010) (ordering the parties to file two copies of the settlement agreement with the court, one under seal and one with the amounts redacted for the public record).

Speedway requests without opposition that the Court keep the terms of the Plaintiffs' settlement agreements confidential, as agreed by the parties, and that the settlement agreements themselves, as well as their confidential terms as reflected in the Approval Motion, not be included in any documents and papers publicly filed in this matter.  A proposed order is attached.

## <u>LOCAL RULE 7.1  CERTIFICATION</u>

I certify that Counsel for Defendant Speedway LLC conferred with Plaintiffs' counsel on March 11, 2022 regarding this motion and that Plaintiffs do not oppose this motion, as described herein.

<u>/s/ Alan Y. Wong</u>
Alan Y. Wong

**DATED: March 11, 2022**

Respectfully submitted,

By Its Attorneys,

/s/  Alan Y. Wong
Alan Y. Wong
SHOOK, HARDY & BACON, LLP
1 Federal Street
Suite 2540
Boston, MA 02110
Telephone: (617) 531-1677

Kristen A. Page
SHOOK, HARDY & BACON, LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421.5547

Brett C. Bartlett*
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, GA 30309-7056
Telephone: (404) 888-1875
Facsimile:  (404) 892-7056

*Admitted Pro Hac Vice*

Attorney for Defendant, Speedway LLC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

JOSEPH DaROSA, ALKA DAVIS, DANIEL
SCHULZ, and MARTIN SCHUTZIUS,

        Plaintiffs,

    v.                                      Civil Action No. 1:19-cv-10791-RGS

SPEEDWAY LLC,

        Defendant.

### CERTIFICATE OF SERVICE

I certify that on this 11th day of March, 2022, a true and correct copy of the foregoing

was served via electronic mail on the following counsel of record:

| | |
|---|---|
| A. Andrew Santillo<br>asantillo@winebrakelaw.com<br>Mark Gottesfeld<br>mgottesfeld@winebrakelaw.com<br>Peter Winebrake<br>pwinebrake@winebrakelaw.com<br>WINEBRAKE & SANTILLO, LLC<br>715 Twining Road<br>Suite 211<br>Dresher, PA 19025 | Harold L. Lichten<br>hlichten@llrlaw.com<br>Anastasia Doherty<br>adoherty@llrlaw.com<br>Michelle Cassorla<br>mcassorla@llrlaw.com<br>LICHTEN & LISS-RIORDAN, P.C.<br>729 Boylston Street<br>Suite 2000<br>Boston, MA 02116 |

/s/  Alan Y. Wong_____
ATTORNEY FOR DEFENDANT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

JOSEPH DaROSA, ALKA DAVIS, DANIEL
SCHULZ, and MARTIN SCHUTZIUS,

                Plaintiffs,

      v.                             Civil Action No. 1:19-cv-10791-RGS

SPEEDWAY LLC,

                Defendant.

**[PROPOSED] ORDER GRANTING LEAVE TO FILE MOTION FOR APPROVAL OF
CONFIDENTIAL SETTLEMENT AGREEMENTS AND
 CONFIDENTIAL SETTLEMENT AGREEMENTS UNDER SEAL FOR *IN CAMERA***

        Without opposition, Defendant Speedway LLC has moved this Court for entry of an order

permitting the motion for approval of confidential settlement agreements between Speedway and

Plaintiffs, and the settlement agreements themselves, to be filed under seal in order to permit the

Court's *in camera* review of same.

        For good cause shown, such motion is hereby GRANTED.  Plaintiffs are directed to file

the approval motion and settlement agreements to which they relate under seal within three

business days of entry of this Order and the Court will conduct an *in camera* review of same.

        SO ORDERED this _____ day of _____, 2022.


                                        _____
                                        Richard G. Stearns
                                        United States District Judge