# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHERINE CROWLEY, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CVS PHARMACY, INC.<br>and KEVIN HOURICAN<br><br>Defendants | Civil Action No. 1:20-cv-10731 |

## ORDER

Before the Court is Plaintiff Katherine Crowley's and Defendant CVS Pharmacy, Inc.'s Joint Motion for Approval of FLSA Settlement Agreement and Request to Provide Agreement *In Camera* with Incorporated Memorandum. The Court has reviewed *in camera* the terms of parties' proposed settlement agreement, the factors and reasons considered by the parties in reaching the proposed settlement and justifying the compromise of Plaintiff's claims against CVS. The Court is fully advised of the premises for considering an FLSA settlement agreement and finds that the proposed settlement reached herein is a fair and reasonable resolution of a bona fide dispute between the parties over exemption, overtime, and other provisions of the FLSA.

As such, the Court hereby APPROVES the proposed settlement agreement submitted by the parties, and directs that the parties execute it and file a stipulation of dismissal with prejudice.

So ordered, this <u>8th</u> day of <u>September</u>, 2020.

/s/ Leo T. Sorokin
<u>United States District Judge</u>

64929288v.1

# EXHIBIT B

No *Shepard's* Signal™
As of: March 3, 2022 11:45 AM Z

# Malerba v. Elements Ins., LLC

United States District Court for the District of Massachusetts

July 31, 2018, Decided; July 31, 2018, Filed

C.A. No. 1:18-cv-10292 (FDS)

**Reporter**

2018 U.S. Dist. LEXIS 128208 *

JARON MALERBA, Plaintiff, Counterclaim Defendant, v. ELEMENTS INSURANCE, LLC & YANA HARRIS, Defendants, Counterclaim Plaintiffs.

## Core Terms

confidential settlement, violations, APPROVING, LAWSUIT

**Counsel:** [*1] For Jaron Malerba, Plaintiff, Counter Defendant: John P. Regan, Jr., LEAD ATTORNEY, The Employee Rights Group, LLC, Boston, MA; Jonh Regan, LEAD ATTORNEY, Employee Rights Group, LLC, Boston, MA.

For Elements Insurance, LLC, Yana Harris, Defendants, Counter Claimants: Jeffrey A. Fritz, LEAD ATTORNEY, Fisher & Phillips, LLP, Boston, MA.

**Judges:** F. Dennis Saylor IV, United States District Judge.

**Opinion by:** F. Dennis Saylor IV

## Opinion

### ORDER APPROVING CONFIDENTIAL SETTLEMENT OF CLAIMS AND DISMISSING LAWSUIT WITH PREJUDICE

WHEREAS, the Court has been advised that the parties to this action have reached a confidential settlement of Plaintiff-Counterclaim Defendant Jaron Malerba's claims for alleged (1) violations of sections 149 and 150 of chapter 149 of the Massachusetts General Laws, and of sections 1A and 1B of chapter 151 of the Massachusetts General Laws (the Massachusetts Wage and Hour Laws); (2) violations of section 207(a)(1) of Title 29 of the United States Code (the Fair Labor Standards Act ("FLSA"); and (3) violations of sections 148 and 150 of chapter 149 of the Massachusetts General Laws, and Elements' and Harris' Counterclaims against Malerba;

WHEREAS, Malerba has moved, with Elements' and Harris' consent, for an Order approving the settlement for the purpose of effectuating a valid release with respect [*2] to any potential claims under the federal Fair Labor Standards Act, and for dismissal of this lawsuit and Counterclaims pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure;

WHEREAS, the Court has reviewed *in camera* the parties' confidential settlement agreement and finds that the terms are fair, reasonable, and adequate;

NOW THEREFORE, it is hereby ORDERED AND ADJUDGED that the confidential settlement agreement is approved and the matter is hereby DISMISSED,

pursuant to *Rule 41(a)(2) of the Federal Rules of Civil Procedure*.

Date: July 31, 2018

/s/ F. Dennis Saylor IV

United States District Judge

End of Document

Glenda Chastain

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JARON MALERBA,

    Plaintiff,
    Counterclaim Defendant,

v.

ELEMENTS INSURANCE, LLC
& YANA HARRIS

    Defendants,
    Counterclaim Plaintiffs.

C.A. No. 1:18-cv-10292 (FDS)

## ~~PROPOSED~~ ORDER
## APPROVING CONFIDENTIAL SETTLEMENT OF CLAIMS
## AND DISMISSING LAWSUIT WITH PREJUDICE

WHEREAS, the Court has been advised that the parties to this action have reached a confidential settlement of Plaintiff-Counterclaim Defendant Jaron Malerba's claims for alleged (1) violations of sections 149 and 150 of chapter 149 of the Massachusetts General Laws, and of sections 1A and 1B of chapter 151 of the Massachusetts General Laws (the Massachusetts Wage and Hour Laws); (2) violations of section 207(a)(1) of Title 29 of the United States Code (the Fair Labor Standards Act ("FLSA"); and (3) violations of sections 148 and 150 of chapter 149 of the Massachusetts General Laws, and Elements' and Harris' Counterclaims against Malerba;

WHEREAS, Malerba has moved, with Elements' and Harris' consent, for an Order approving the settlement for the purpose of effectuating a valid release with respect to any potential claims under the federal Fair Labor Standards Act, and for dismissal of this lawsuit and Counterclaims pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure;

WHEREAS, the Court has reviewed *in camera* the parties' confidential settlement agreement and finds that the terms are fair, reasonable, and adequate;

NOW THERFORE, it is hereby ORDERED AND ADJUDGED that the confidential settlement agreement is approved and the matter is hereby DISMISSED, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Date: July 31, 2018

_____
United States District Court Judge

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM HALL, ) | |
| ) | Civil Action No. 16-10662-JCB |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| IEP TECHNOLOGIES, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

August 8, 2017

Boal, M.J.

     Plaintiff William Hall and defendant IEP Technologies, LLC ("IEP") jointly seek the Court's approval of their proposed settlement agreement. Docket No. 42. For the reasons that follow, the parties' joint motion is allowed.

     On April 5, 2016, Hall filed a complaint against IEP alleging that it violated the Fair Labor Standards Act ("FLSA"), the Massachusetts Overtime Act and the Massachusetts Wage Act by classifying him as "exempt" from the overtime provisions of those laws. Docket No. 1. Hall claims that as a field services engineer for IEP, a position that requires no specialized training or education, he regularly worked more than forty hours per week, but was not paid overtime wages. Id. IEP denies any violation of the FLSA or state wage and overtime statutes and contends that Hall was properly classified as "exempt". See Docket No. 42 at 3.

     The parties have exchanged a significant amount of discovery and on October 25, 2016, participated in a mediation. On June 21, 2017, they filed a joint motion for approval of settlement and dismissal with prejudice. Docket No. 42.

1

On June 30, 2017, the parties submitted their executed settlement agreement for the Court's in camera review. Docket No. 45. The Court held a hearing on the parties' joint motion on July 25, 2017. At the hearing, the parties described the strengths and weaknesses of their respective positions, and the attendant litigation risks. They explained their views on the range of possible recoveries. Also at the hearing, the Court requested that Hall submit additional documentation supporting the settlement portion allocated to attorneys' fees. Hall provided such information on July 25, 2017 for in camera review.

When presented with a motion to approve a FLSA settlement, a court's duty is as follows:

> The private settlement of FLSA claims requires the approval of either the Department of Labor or the district court. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015) ("[S]tipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect."); Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1353 (11th Cir. 1982) (district court may enter a stipulated judgment after "scrutinizing the settlement for fairness"). The Court may approve the settlement upon a finding that all parties to the action have agreed to it, and that it represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, Inc., 679 F.2d at 1355. Further, "[w]here a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Mireku v. Red Vision Sys., Inc., No. 11 Civ 9671(RA)(JLC), 2013 WL 6335978, at *1 (S.D.N.Y. Dec. 6, 2013) (citing Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)); see also 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); Silva v. Miller, 307 Fed. Appx. 349 (11th Cir. 2009) (holding that the FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement").

Singleton v. AT&T Mobility Servs., LLC, 146 F. Supp. 3d 258, 260 (D. Mass. 2015).

"When determining whether a proposed settlement is fair and reasonable, courts consider the totality of the circumstances, which may include such factors as (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid

2

anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Id. at 260-61 (citing Wolinsky, 900 F. Supp. 2d at 335) (internal quotation marks omitted).

After considering the parties' representations and submissions, the Court agrees that the proposed settlement represents a fair and reasonable resolution of the dispute, and that the settlement was reached through arms-length negotiations between counsel for both parties. The Court has found no reason to suspect fraud or collusion, and further finds that the settlement will save time and expense for both sides.

The Court also approves the parties' proposed settlement with respect to attorneys' fees and costs. "In an individual FLSA action where the parties settled on the fee through negotiation, there is a 'greater range of reasonableness for approving attorneys' fees.'" Singleton, 146 F. Supp. 3d at 261 (citing Wolinsky, 900 F. Supp. 2d at 336). "But even in such cases, the Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." Id. (internal quotation marks omitted; citation omitted). After reviewing in camera the time and billing records submitted by Hall's counsel, the Court finds that the amount allocated for attorneys' fees is fair and reasonable in light of the result reached in this case and the total number of hours that Hall's counsel dedicated to this matter.

For the foregoing reasons, the Court approves the proposed settlement and dismisses the above-captioned action with prejudice.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE

4